IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry Preston, | No. CV 14-2190-TUC-JAS |
| Plaintiff, | **ORDER** |
| vs. | |
| Freeport-McMoran Sierrita Inc., | |
| Defendant. | |

**Communication with the Court**

    To avoid the appearance of impropriety by the Court or the parties and to preserve a proper record in the event of any appeal, all communication with the Court shall occur via a written motion filed into the official docket.  The parties shall not contact the Court's staff (i.e., Law Clerks or the Judicial Assistant) telephonically or by e-mail to ask questions or express concerns regarding cases pending before the Court, and the Court has directed its staff not to entertain any such informal communication.  While the parties may give the Court's staff a courtesy call to give them notice of an emergency motion, settlement, or last-minute stipulation to adjust deadlines, all other communication with the Court shall occur via a written motion.

**Dispositive Motions**

    A party filing a dispositive motion shall file only one dispositive motion which incorporates all relevant arguments.  The dispositive motion shall be limited to 17 pages as

1 required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11
2 pages.  See LRCiv 7.2(e).  Parties are prohibited from simultaneously filing multiple
3 dispositive motions directed at separate counts or issues in a case.  While it is proper to file
4 one motion to dismiss early in the litigation and one motion for summary judgment after
5 discovery has been completed, it is not proper to simultaneously file multiple motions to
6 dismiss or multiple motions for summary judgment directed to separate counts or issues.  The
7 parties should raise all of their arguments for dismissal in one motion to dismiss as early as
8 possible in the case, and raise all of their arguments for dismissal in one motion for summary
9 judgment after discovery has closed.  The Court views the filing of such multiple motions
10 as an attempt to subvert the Local Civil Rules establishing page limits which encourage the
11 parties to be concise in their arguments; if necessary, the parties may seek leave to exceed
12 page limits to include all of their arguments in one motion to dismiss or one motion for
13 summary judgment.  Furthermore, filing successive motions to dismiss or motions for
14 summary judgment after the Court has already resolved such a motion is extremely
15 inefficient and often causes long and unnecessary delays as a case is essentially halted during
16 the period between the filing of a dispositive motion and the Court's ultimate ruling on a
17 dispositive motion after it has been fully briefed.  If a party files a successive motion to
18 dismiss or motion for summary judgment after such a motion has been resolved by the Court,
19 the successive motion to dismiss or motion for summary judgment will likely be summarily
20 denied as a motion for reconsideration.  The Court also notes that if a party files an early
21 summary judgment motion before discovery has closed, the Court will likely grant an
22 opposing party's request to complete necessary discovery to properly oppose the motion; in
23 such circumstances, the early motion for summary judgment would be denied without
24 prejudice pending completion of necessary discovery.  In light of the foregoing, the parties
25 should strive to include all of their arguments in one motion to dismiss early in the case and
26 one motion for summary judgment upon the close of discovery.

27
28

**Proposed Orders, Paper Copies, Exhibits, Authority Binders, and Emailing Documents**

The parties must file a proposed order with any motion or stipulation filed with the Court and such documents must comply with the applicable requirements in the local rules. *See*, *e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures Manual in the United States District Court for the District of Arizona ("Manual"). All proposed orders must be emailed to chambers (soto_chambers@azd.uscourts.gov) in either Word or Word Perfect format. *See id.*; Manual at 12-13 (describing pertinent e-filing procedures in detail). In addition, if a motion is opposed, the opposing party shall file and email to chambers a proposed order denying the motion. To the extent the parties file any motions, responses, or replies as to substantive matters (such as motions for: injunctive relief, to dismiss, for summary judgment, to compel, sanctions, etc.), the parties shall email Word or Word Perfect copies of the motions, responses, or replies to chambers. Lastly, the parties shall also email Word or Word Perfect copies of any separate statement of facts in support of, or in opposition to, summary judgment or other dispositive motions.

Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv 5.4); any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents and the exhibits must be indexed with tabs which correspond to the Table of Contents. Anytime a party files a motion, response, reply, or other brief with the Court, the party must mail the Court paper copies of all authority cited in the brief which shall be included in a binder with a table of contents and exhibit tags corresponding to the authority cited. Such authority includes, but is not limited to, case law, rules, statutes, regulations, and treatises. To the extent case law, rules, statutes, or regulations are cited, the entire case, rule, statute or regulation shall be included in the binder. The case law shall be organized in alphabetical order. To the extent treatises are cited, only the section(s) relied upon shall be included in the binder. As to all of the authority cited which must be included in the binder, the parties shall also tag (with a post-it) the specific page(s) cited in their briefs and highlight (by circling with a pen or using a highlighter) the portion of the case, rule, statute, regulation, or treatise that supports the citations of authority

1 relied upon in their briefs.  Within seven days after a document is filed, the parties shall
2 provide the Court with paper copies in strict compliance with this Order and file a notice that
3 they have strictly complied with the requirements in this Order; failure to timely file this
4 required notice will be viewed as a party's admission that they have failed to comply with this
5 Court's Order.[1]  If an emergency motion is filed (including, but not limited to, a motion for
6 a temporary restraining order, preliminary injunction, emergency stay, or other motion that
7 warrants expedited action) that requires more immediate attention from the Court, the parties
8 shall provide the required paper copies no later than one business day (or sooner if possible)
9 after the motion, response or reply is filed pertaining to any emergency motion.  If a party
10 fails to submit the required authority binder and other paper copies required by this Order[2],
11 the Court may summarily deny or grant a motion as applicable to the party that failed to
12 comply with this Order, and the Court may dismiss the case with prejudice or enter a default
13 judgment as to the non-complying party.[3]

14 **Pending Matters**

15 A review of the record reflects that Defendant filed a notice of removal on 6/23/14 (Doc.
16 1), a motion to dismiss and compel arbitration on 6/27/14 (Doc. 5), and a reply on 7/30/14
17 (Doc. 11); Plaintiff's filed an opposition on 7/16/14 (Doc. 7).  As to these filings, the parties
18 shall  comply with the directives in this Order as to their respective filings by 8/8/14, and

---

[1]The parties are not required to provide paper copies of stipulations and unopposed motions to continue, and need not provide authority binders as to stipulations and unopposed motions to continue.

[2]On rare occasions, the Court may find it necessary to issue an Order before the deadline to the submit the required binders expires; in these circumstances, the binder requirement becomes moot, and the parties are not required to submit binders.

[3]As to pro se parties, the Court notes that the full text of most legal authority is available via numerous internet sites, including Google Scholar (http://scholar.google.com/), which is available to the public and completely free. In addition, most legal authority can be found  and copied for a limited charge in various libraries located in most cities such as the law libraries located at the University of Arizona College of Law and the various courthouses in Pima County. Legal authority can also be found and printed out for a limited charge at sites such as westlaw.com and lexis.com.

shall comply with this Order as to all future filings.

DATED this 1st day of August, 2014.

James A. Soto
United States District Judge